**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shelia Hutchins, Employee, Appellant,

v.

Security Group, Inc., Employer, and Hartford Accident and Indemnity Co., Carrier, Respondents.

Appellate Case No. 2021-000517

———————————

Appeal From The Workers' Compensation Commission

———————————

Unpublished Opinion No. 2023-UP-255
Submitted June 1, 2023 – Filed June 28, 2023

———————————

**AFFIRMED**

———————————

Shelia Hutchins, pro se.

Tracy Welsh Tiddy, of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondents.

———————————

**PER CURIAM:** Shelia Hutchins appeals a decision by the Appellate Panel of the South Carolina Workers' Compensation Commission (Appellate Panel) to uphold the grant of a motion by Security Group, Inc., and Hartford Accident and Indemnity Co. (collectively Respondents) to compel enforcement of two settlement agreements. On appeal, Hutchins argues she was unable to enter into the agreements because she was under the care of a psychiatrist, her lawyer did not act

in her best interest, and the proceedings were tainted by numerous errors. We affirm.

Contrary to Hutchins's argument on appeal, a voluntary settlement in a workers' compensation case no longer requires approval by the South Carolina Workers' Compensation Commission (the Commission) to be enforceable if each party to the agreement is represented by an attorney. *See* S.C. Code Ann. § 42-9-390 (2015) (requiring only that the employer must file a copy of the settlement agreement with the Commission if each party is represented by an attorney); *Ex parte Horne*, 437 S.C. 218, 223, 877 S.E.2d 798, 801 (Ct. App. 2022) ("The relevant difference between the pre-amendment version of the statute and the present one is that the current version no longer requires the Commission's approval of a settlement agreement when both parties are represented by counsel."); *id.* (noting the current version of section 42-9-390 "simply requires the employer to file a copy of the settlement agreement with the Commission"). Here Hutchins was represented by counsel during the mediation that resulted in the settlement agreements, and she does not deny Respondents filed copies of the settlement agreements with the Commission.

Hutchins also argues the terms of the settlement agreements were unfair to her because of her vulnerable mental state during mediation, allegedly deficient representation she received from her attorneys in negotiating the agreements, and various procedural irregularities. Hutchins, however, has not shown the compensation she was to receive under either of the agreements or the time or manner of payment was not in accordance with any provision in the South Carolina Workers' Compensation Act. *See* § 42-9-390 ("Nothing contained in this chapter may be construed so as to prevent settlements made by and between an employee and employer as long as the amount of compensation and the time and manner of payment are in accordance with the provisions of [the South Carolina Workers' Compensation Act].").

Finally, we acknowledge that in *Mackey v. Kerr-McGee Chemical Co.*, 280 S.C. 265, 312 S.E.2d 565 (Ct. App. 1984), a case decided before the current version of section 42-9-390 took effect, this court held the requirement in the prior version of section 42-9-390 that a settlement agreement in a workers' compensation case be in writing "necessarily anticipates that the agreement will also be signed by the parties and that it will not be binding until they have done so." 280 S.C. at 271, 312 S.E.2d at 568. Whether or not this requirement still applies to the current version of section 42-9-390, the record clearly shows the agreements were signed by Respondents' counsel, the attorney who represented Hutchins during the

mediation, and Hutchins herself; therefore, this prerequisite to enforcement of the settlement agreements was satisfied as well.

Based on foregoing, we affirm the Appellate Panel's decision to enforce the settlement agreements.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.